# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| DENISE and DONALD HUNTER | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 3-08-CV-893-B |
| v. | § | |
| | § | |
| LILY and JUAN MARTINEZ, et al | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court are numerous Rule 12(b)(1) motions to dismiss for lack of jurisdiction from: (1) Defendant Eve Spera c/o Federal Title (docs. 8, 12); Defendants Lily and Juan Martinez (doc. 10); Defendants Dan Barnett and Vision Ads, Inc. d/b/a Red Horse Realty (doc. 11). Defendants alternatively move to dismiss under Rule 12(b)(6) grounds for failure to state a claim. For the reasons set forth below, Defendants' motions are hereby GRANTED.

## I. BACKGROUND

The crux of the *pro se* First Amended Complaint of Plaintiffs Denise and Donald Hunter ("Hunters" or "Plaintiffs") is that the Hunters, who purportedly held a $72,750.00 mortgage, were defrauded by Defendants in numerous, but yet vague, schemes that were in violation of 18 U.S.C. § 1001 and 18 U.S.C. § 1002, two federal criminal statutes. The Hunters claim a whopping $1.5M in compensatory damages as well as "three times this amount in punitive damages against each plaintiff on any count" bringing the aggregate sought after damages to over $22M. Compl. at 5.

To pursue this ambitious goal, the Hunters have doggedly pursued their *pro se* legal action

in several forums, including three separate actions before this Court. On May 13, 2008, the Hunters, who were named defendants in a state court action styled *Lily and Juan Martinez v. Denise and Donald Hunter*, No. 07-07491 in the 101st District Court for Dallas County ("Texas state action"), removed the action to this Court.[1] The case was assigned to Senior U.S. District Judge A. Joe Fish and given the docket number 3:08-cv-0812-G ("Fish action"). On May 27, 2008, Judge Fish, questioning whether the Court had subject matter jurisdiction, held a hearing, but the Hunters failed to appear. Accordingly, that same day, Judge Fish remanded the action to state court (No. 3:08-cv-0812-G (doc. 5)).

Unbeknownst to anyone, however, the Hunters opted to forego complying with Judge Fish's Order and instead filed the instant action ***the very same day of Judge Fish's remand order*** (doc. 1). Following the first two Rule 12(b)(1) motions from Defendants filed on June 26, 2008 and June 27, 2008, the Hunters once again engaged in gamesmanship. They opted to forego addressing the merits of the Rule 12 motions and instead sought a third forum to litigate their mortgage fraud allegations. On July 3, 2008, Hunter, undeterred by Judge Fish's remand order, removed the Fish Action to this Court. That third action has been given the docket number 3:08-cv-1130-B and is also assigned to the undersigned.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a claim will not be dismissed unless the court determines that it is "beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) *citing Bell Atlantic v. Twombley*, 127 S. Ct. 1955, 1965-66 (2008). The court will generally look to the complaint and

---

[1] The Notice of Removal was essentially verbatim of the instant Complaint.

attachments. *Id.* Rule 12(b)(1), however, allows the court to find "a plausible set of facts" by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *see, e.g., Builders Ass'n of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (affirming court's dismissal for lack of subject matter jurisdiction). In relevant part, a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Assoc., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.") .

## III. ANALYSIS

The Court need not expend any time to address the tortured procedural history and frivolity of the Hunters' *pro se* actions given the plain subject matter jurisdiction issue. There is no private cause of action for violations of federal criminal statutes. *See Pierre v. Guidry,* 75 Fed. Appx. 300 (5th Cir. 2003); *Williams v. Cintas Corp.*, 2007 WL 1295802, *2 (N.D. Tex. Apr. 10, 2007); (citing uniformity among federal courts that criminal statutes do not give rise to private causes of action); *Hassell v. United States*, 1999 WL 444554, at *2 (N.D. Tex. May 28, 1999) (stating that criminal statutes can neither be enforced by civil action nor by private parties). The jurisdictional allegations of the Hunters' First Amended Complaint are federal question jurisdiction premised on purported violations of two federal criminal statutes, 18 U.S.C. § 1001

and 18 U.S.C. § 1002. [2] Because there is no private cause of action, the Hunters fail to demonstrate that this Court has federal question jurisdiction over the action. Accordingly, Defendants' collection Rule 12(b)(1) motions are hereby GRANTED.[3]

## IV. CONCLUSION

For the reasons set forth in this order, the Defendants' Motions to Dismiss are GRANTED. The action is DISMISSED without prejudice.

SO ORDERED.

DATED: August 20, 2008

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Without leave or consent by Defendants, the Hunters filed a Second Amended Complaint (doc. 15) in a transparent attempt to remedy the fatal flaws of the pleading. In that Second Amended Complaint, the Hunters raise claims of breach of contract, fraud and deceptive trade practices, among others. However, even if the Court were to grant leave - which it does not - the Court would still find that the Hunters fail to sufficiently allege any federal question jurisdiction. Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court hereby strikes the Hunters' Second Amended Complaint.

[3] The Court further admonishes the Hunters to refrain from frivolous filings before this Court. Their *pro se* status does not excuse strict compliance with the federal rules and could subject them to monetary fines and sanctions. *See U.S. v. Davis*, 250 Fed. Appx. 637 (5th Cir. 2007) (sanctioning *pro se* party for abuse of judicial system and barring further filings without leave of the court).